UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEEROY ELIJAH KRAUSE, <br><br> Petitioner, <br><br> v. <br><br> CLARK COUNTY SHERIFF'S OFFICE et al., | CASE NO. 3:22-cv-05144-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

Petitioner is a pretrial detainee pending felony criminal charges in Clark County Washington. *See* Dkt. 1. Before the Court is the second 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus Petitioner has submitted challenging his prosecution in Clark County Washington, criminal case numbers 21-1-01758-06 and 21-1-01851-06. Dkt. 1. In this action, and in the earlier § 2241 petition, Petitioner alleges he is falsely imprisoned and seeks either a reduction or dismissal of the felony charges above, immediate release from jail custody, reinstatement of speedy trial rights, disciplinary action against the lawyers or judge named as defendants, and monetary damages.

The Court has reviewed Plaintiff's petition and concludes it should be **DISMISSED** without prejudice. Because the § 2241 petition contains deficiencies that cannot be cured by Amendment, the Court recommends that leave to amend be denied. If the dismissal

REPORT AND RECOMMENDATION - 1

recommendation is adopted, the Court also recommends that Plaintiff's motion to proceed *in forma pauperis* be stricken as moot.

## DISCUSSION

Petitioner seeks habeas relief under 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing § 2254 cases, the Court must conduct a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

A prisoner in pretrial detention may file a habeas petition under 28 U.S.C. § 2241. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004). However, "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (explaining that "special circumstances" which

REPORT AND RECOMMENDATION - 2

relieve a petitioner from the exhaustion requirement are instances of proven harassment, bad-faith prosecution, or other extraordinary circumstances where irreparable injury is imminent); *see Younger v. Harris*, 401 U.S. 37 (1971). Principles of comity and federalism require a federal court abstain and not entertain a pre-trial habeas challenge unless the petitioner shows: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Id.*

Here, the § 2241 petition alleges Petitioner is in "pretrial detention" and has two pending felony criminal charges in Clark County Washington. Dkt. 1 at 1. Petitioner avers he has not sought any review of the alleged violations in the state court. *Id.* at 2. As the § 2241 petition does not establish Petitioner has exhausted his state remedies, the Court turns to whether there are any "special circumstances" that would warrant intervention at this point.

The special circumstances that may warrant federal habeas intervention before a state trial and conviction include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. *Carden*, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance); *see also Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (reaffirming that *Carden's* "special circumstances" rule still applies); *id*. (district court properly dismissed on abstention grounds a pretrial petition asserting speedy trial claim).

Here, petitioner has not established there are special circumstances that warrant federal intervention before his criminal trial is held and any state appeal is completed. The § 2241 petition summarizes Petitioner's allegations and contains specific grounds for relief in support.

In the summary, Petitioner alleges his defense lawyer Todd Pascoe is ineffective by failing to file motions based upon inconsistencies and has a conflict by having conjugal relations

REPORT AND RECOMMENDATION - 3

with his associate Zeed Meyer and prosecutor Taylor Knight, and that all counsel have conspired to manipulate Petitioner's 60 day speedy trial rights and are conspiring to convict Petitioner of false charges. *Id.* at 3. In support of this summary, Petitioner alleges in Ground On:

> On 12.9.2021 I asked Todd Pascoe to find out if criminal mischief with a deadly weapon was a non-violent property crime or not in which his '20 years experience' failed to provide vital information I verbalized was critical to me accepting a 'plea deal' or not.

*Id.* at 7.

Ground Two alleges:

> 12.10.2021 Zeed Meyer told me sign speedy trial waiver in order to set a change of plea for 12-15-2021 which he told me was past my scheduled trial set for 12-13-2021 without disclosing to me the information that was vital to my accepting of a 'plea deal' or not and I had not signed a deal.

Ground Three alleges:

> 12-12-21, around 3:58 Todd Pascoe advised me over the phone to forge the presented 'plea deal' sentence from 32.5 months to 27 months with my pencil saying he is an 'officer of the court' yet could not answer my question in which was critical to whether I accepted the prosecutions 'plea deal' or not.

*Id.*

Ground Four alleges:

> 12-115-2021 around 4:25 Todd Pascoe disclosed in court vital information pertaining to a 'plea deal' between myself and prosecution only upon myself asking the judge if she knew the answer since counsel had not advised me. Counsel knowingly withheld this information for 2 whole days knowing it was import to me in regards to whether I accepted the 'plea deal' or not, which I did not once I knew.

*Id.* at 8.

As relief, Petitioner requests reinstatement of his 60 days speedy trial rights; disbarment of Todd Pascoe and Zeed Meyer; Crime victim compensation of $1300 per week; that his felony

REPORT AND RECOMMENDATION - 4

1  charges be reduced to misdemeanors with a maximum 90 days sentence to run concurrently; that
2  he be granted credit for time served and released immediately; that he receive $1,000 a day for
3  false imprisonment and $1500 a day for each day he was in solitary confinement; and that the
4  criminal charges against him be dismissed. *Id.* at 9.
5        Petitioner's § 2241 petition falls far short of establishing the existence of special
6  circumstances that may warrant federal habeas intervention before a state trial and conviction.
7  The felony criminal charges underlying Petitioner's habeas action were filed in 2021 as the
8  criminal case numbers at issue here both start with "21."  These criminal charges were recently
9  filed because the § 2241 petition alleges the state-law 60 day speedy trial date had an expiration
10 of December 13, 2021. There is no evidence Petitioner has languished in the state courts for an
11 impermissibly lengthy time period. Further, as noted above, to the extent Petitioner alleges a
12 speedy trial violation, the allegation does not establish extraordinary circumstances.
13       The § 2241 petition claims in a conclusory fashion Petitioner is being falsely imprisoned
14 and the lawyers and state court judge are conspiring to wrongfully convict him. But these
15 conclusory claims are belied by the factual assertions contained in Petitioner's Grounds for
16 Relief. Those assertions establish Petitioner was poised to plead guilty, not that Petitioner is not
17 guilty and sought or intended to proceed to trial. The factual assertions thus contradict
18 Petitioner's claim he is falsely imprisoned based upon fabricated criminal charges.
19       What the Grounds for Relief Petitioner have raised establish, is Petitioner's claims are
20 based upon the quality of the advice he received from defense counsel which Petitioner claims
21 prevented the "plea deal" from going forward. Petitioner's displeasure with his assigned counsel,
22 and disagreement with the way the state courts are handling his pending criminal case are not
23

REPORT AND RECOMMENDATION - 5

extraordinary circumstances and thus not grounds for this court to exercise federal authority at this point.

In short, Petitioner has failed to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts. Petitioner has also not alleged sufficient facts to show special circumstances warrant federal intervention in this case. Accordingly, the Court recommends dismissing the § 2241 petition as unexhausted.

The Court also notes the instant §2241 petition is subject to dismissal because it involves the same subject matter and seeks the same relief in the earlier-filed habeas petition. *See Krause v. State of Washington*, 3:22-cv-05143-TL-TLF.

"Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Goods v. Wasco State Prison*, No. 119CV01318JLTPC, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, 2019); *see also, Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). A complaint repeating pending or previously litigated claims may be considered abusive and dismissed under § 1915,.*Goods*, 2019 WL 4670217, at *1, or  frivolous if it 'merely repeats pending or previously litigated claims.'" *Spatcher v. Gore*, No. 3:20-CV-01089-JAH-LL, 2020 WL 5576724, at *2 (S.D. Cal. Sept. 16, 2020) (quoting *Cato*, 70 F.3d at 1105, n.2 (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted); *Kehano v. Hawaii*, 202 Fed.Appx. 208 (9th Cir. 2006) (unpublished) (District court properly dismissed claim as duplicative pursuant to 28 U.S.C. § 1915A(b)(1)). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007). "Repeating the

REPORT AND RECOMMENDATION - 6

same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative." *Goods*, 2019 WL 4670217, at *1.

District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Adams*, 487 F.3d at 688 (citation omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.*; *see also M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims").

## CONCLUSION

The Court recommends the instant § 2241 habeas petition be denied and dismissed without prejudice because the request for relief is unexhausted and does not raise extraordinary circumstance that could not be addressed in the first instance by the state trial court, and then by the state appellate courts. Additionally, the § 2241 petition should be dismissed as duplicative of *Krause v. State of Washington*, 3:22-cv-05143-TL-TLF. Petitioner has applied to proceed *in forma pauperis*. However, if the Court adopts the recommendation that this matter be dismissed, it is further recommended Petitioner's application to proceed *in forma pauperis* be stricken as moot.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 7

Objections, however, may be filed no later than **March 30, 2022.** The Clerk should note the matter for **April 1, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 16th day of March, 2022.

                                              BRIAN A. TSUCHIDA
                                              United States Magistrate Judge